Thomson, J.,
delivered the opinion of the court.
The plaintiff in error was indicted, tried and convicted, in the district court of Arapahoe eountjr, of selling oleomargarine in the city of Denver, in violation of the provisions of section 4 of an act entitled “An Act to Regulate the Manufacture and Sale of Oleomargarine,” etc., approved April 12, 1893. The following is the section referred to :
“ Sec. 4. Before any person shall sell, or offer to sell any oleomargarine as aforesaid, he shall mark and brand, or cause to be marked and branded, each package, roll or parcel thereof, in ordinary bold-faced capital letters in English, not less than ñve lines pica, distinctly and durably printed or painted on each and every package, wrapper or vessel containing the same, on the outside thereof, in two of the most conspicuous places thereon; the true and appropriate name of such oleomargarine as aforesaid, together with the name of the manufacturer and place of business.” Session Laws 1893, p. 352.
Section 8 makes offenses against any of the provisions of the act misdemeanors, and prescribes their punishment.' The amended charter of the citj- of Denver, approved April 3, 1893, confers upon the city council the exclusive power to provide for the licensing, regulating and taxing of all lawful occupations, business places, trades, etc. Session Laws 1893, p. 146.
A general act of the legislature, approved March 18,1885, created and established in a class of cities which included the city of Denver, police magistrate’s courts, and invested each of such courts with exclusive original jurisdiction over all cases arising under the ordinances of the city within which it might be organized, and all necessary power to carry into effect the jurisdiction conferred. Session Laws 1885, p. 290.
The defendant interposed a plea to the jurisdiction of the trial court, for that the offense charged was committed within *469 the corporate limits of the city of Denver, and the city of Denver had, in pursuance of the powers granted by its charter, enacted and adopted an ordinance licensing and regulating the business of manufacturing and selling oleomargarine within its corporate limits, wherefore the act of the legislature was inoperative within the city, and the offense was a violation of the city ordinance, and not of the state-law. The plea was overruled, and the decision upon it gives rise to the only question in the case.
The argument for the defendant may be summarized briefly as follows: The selling of oleomargarine is a lawful occupation; the power to license and regulate all lawful occupations carried on within the city belongs exclusively to the city council, and has been exercised by it; therefore the defendant is not subject to prosecution under the state law. If the major premise may he admitted, the argument is sound. But the assumption that the sale of oleomargarine is a lawful occupation must be qualified before it can be accepted, and the qualification defeats the argument. The selling of oleomargarine is a lawful occupation provided the packages containing it are marked and branded as the statute requires; otherwise, it is not a lawful occupation, because the statute makes it unlawful. In virtue of its power to license and regulate lawful occupations, the city may license and regulate the sale of oleomargarine properly marked and branded; but it has no authority to license or regulate unlawful occupations, and therefore an attempt by it to license or regulate the selling of oleomargarine without the required marks and brands would be nugatory. The state law does not trench upon any prerogative of the city, and the city tribunals have no jurisdiction over offenses against it. If it is enforced at all, it must be enforced by the proper state courts. The trial court had undoubted jurisdiction of the case.
The judgment is affirmed.

Affirmed.